IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRY ANDERSON,<br>Petitioner, | §<br>§<br>§ | |
| VS. | § | Civil Action No. 4:12-CV-259-Y |
| | § | |
| JOE KEFFER, WARDEN,<br>FMC-CARSWELL,<br>Respondent. | §<br>§<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Terry Anderson, Reg. No. 08344-031, is a federal prisoner incarcerated in FMC-Carswell in Fort Worth, Texas.

Respondent Joe Keffer is Warden of FMC-Carswell.

#### C. PROCEDURAL HISTORY

Petitioner is serving 360 months' imprisonment and 240 months' imprisonment for her 1997 convictions for conspiracy to manufacture and distribute methamphetamine and conspiracy to

launder money, respectively, in the United States District Court for the Eastern District of Texas, Tyler Division. (Resp't App. at 21) Petitioner's conviction for money laundering involved her making cash bank deposits and using checks, cash or money orders derived from her illegal drug activity to purchase or lease real estate, vehicles, hotel rooms, telephones, pagers, attorney fees, and release bonds. (*Id.* at 9-10) Petitioner appealed her convictions and has sought postconviction relief via 28 U.S.C. § 2255 and 18 U.S.C. § 3582 in the convicting court, to no avail. This is petitioner's second petition under § 2241 challenging her money laundering conviction filed in this division where she continues to serve her sentences. *See id; Anderson v. Keffer*, No. 4:10-CV-891-A (challenging conviction under *Skilling v. United States*, — U.S. —, 130 S. Ct. 2896 (2010)). The government seeks dismissal of the petition for lack of jurisdiction. (Resp't Resp. at 3-5)

D. DISCUSSION

*1. Jurisdiction*

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of her conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence only if she can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452

(5th Cir. 2000). In order to meet this burden, a petitioner must show that (1) his or her claim is based on a retroactively applicable Supreme Court decision, (2) that was foreclosed by circuit law at the time when the claim should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904.

## 2. *Petitioner's Claim*

Petitioner claims that she is innocent of the money laundering offense and/or was convicted of a nonexistent offense under the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008). "Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . with the intent to promote the carrying on of specified unlawful activity" is guilty of money laundering. 18 U.S.C. § 1956(a)(1)(A)(i) (emphasis added). In *Santos*, the Supreme Court, in a plurality opinion, held that the term "proceeds," in the context of an illegal gambling operation, means profits, rather than gross receipts, of the unlawful operation. 553 U.S. at 514. Thus, the costs "fairly attributable" to an unlawful activity do not represent proceeds for purposes of 18 U.S.C. § 1957(f)(2). This definition of "proceeds" avoids a potential "merger problem" by which the underlying illegal activities would also constitute money laundering when the offenses involved transactions in which receipts were passed on to someone else. *Id.* at 515-17.

Petitioner asserts that because proceeds from her and her co-conspirators' illegal drug trafficking operation were also used to purchase "multi-pound quantities of methamphetamine

3

between 1993 and 1996," a "merger problem" exists. Thus, she argues that absent evidence that the laundered money–*i.e.,* proceeds used to purchase or lease real estate, vehicles, hotel rooms, telephones, pagers, attorney fees, and release bonds, constituted "profits," versus "receipts," she is actually innocent of the offense and has been convicted of a nonexistent offense. (Pet'r Mem. at 6-17) She further argues that *Santos* is retroactively applicable on collateral review and that her argument was foreclosed by this circuit's pre-*Santos* law. (*Id.* at 17-22)

Although the Fifth Circuit has held *Santos* applies retroactively to cases on collateral review, and *Santos* was not decided until 2008, long after petitioner's trial, appeal and first § 2255 motion, petitioner cannot satisfy the requirement that she may have been convicted of a nonexistent offense. *See Garland*, 615 F.3d at 394; Reyes-Requena, 243 F.3d at 904. Petitioner's case involves laundering the proceeds of the sale of illegal drugs. Under these circumstances, the Fifth Circuit has held that "proceeds" means "receipts" rather than "profits," and "*Santos* does not have the effect of undermining" a petitioner's money laundering conviction. *Wilson v. Roy*, 643 F.3d 433, 435-37 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1062 (2012); *United States v. Ramos*, 427 Fed. Appx. 368, 2011 WL 2200901, at *1 (5th Cir. June 7, 2011).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September __3__, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September __3__, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August __14__, 2012.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE